■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER THRON, Appellant. [655 NYS2d 350] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered July 27, 1995, convicting defendant, after a jury trial, of grand larceny in the fourth degree and four counts of falsifying business records in the first degree, and sentencing him to a term of $1^{1}/_{3}$ to 4 years on the grand larceny conviction and a fine of $1,250 on each of the falsifying business records convictions, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The evidence was legally sufficient to support the verdict. The People introduced overwhelming evidence which established that defendant, a police officer, stole $1,700 in cash from a drug purchaser inside an apartment in the course of a "buy and bust" operation. The jurors reasonably chose to reject defendant's illogical and self-serving testimony and to credit the testimony of his partners and two drug purchasers. The discrepancies between the accounts of how defendant came to possess the $1,700 merely presented factual questions to be resolved by the jury.

Defendant claims that the People's evidence failed to exclude beyond a reasonable doubt the possibility that he lawfully seized the money as evidence or forfeitable proceeds of a drug transaction. This theory is raised for the first time on appeal, and is directly contradicted by defendant's trial testimony. In any event, there was ample evidence to disprove this theory, consisting of defendant's actions at and around the seizure, and notwithstanding the fact that, due to a change in circumstances, defendant changed his larcenous plans and vouchered the already-asported cash.

The court's charge adequately conveyed the appropriate standards. Defendant's remaining contentions are without merit. Concur—Sullivan, J. P., Ellerin, Williams and Andrias, JJ.